

Leah N. Jacob
Tel 212.801.9200
Leah.jacob@gtlaw.com

June 21, 2023

Judge Philip M. Halpern
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:   *Glenn Forde v. PHH Mortgage Corporation, et al.*, No. 7:23-cv-04090-PMH

Dear Judge Halpern:

     My firm is coun[sel to...] above-referenced matter.  Pursuant to Ru[le...] [req]uest a pre-motion conference in advance o[f...] t ("Complaint" or "Compl.") [Dkt. No. 8] [...] to Fed. R. Civ. P. 12 (the "Motion")[1].  The [...]

     On September 1[...] [reve]rse mortgage loan in the original principa[l...] [proper]ty located at 230 Hamilton Ave, New Ro[chelle...] d a Home Equity Conversion Loan Agre[ement...] greement." The Borrower passed away [...] [p]ayment in full in accordance with the ter[ms...]

     In December 20[...] [Cou]rt of the State of

---

> Defendants PHH Mortgage Corporation, the Honorable David F. Everett, and Westchester County's respective requests for leave to move to dismiss are granted. (Docs. 9, 13, 14). Each Defendant shall file a notice of motion. Defendants shall file one, joint set of briefs which adhere to the page limits set out in the Court's Individual Practices Rule 4(G). In light of Plaintiff's *pro se* status, the Court's pre-motion conference requirement is hereby waived.
>
> Defendants shall file their notices of motion and joint opening brief by August 7, 2023; Plaintiff shall file his opposition brief by September 4, 2023; Defendants shall file their joint reply brief by September 18, 2023.
>
> The Clerk of Court is respectfully directed to: (i) terminate the motion sequences pending at Docs. 9, 13, 14, and 15; and (ii) mail a copy of this Order to Plaintiff.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        July 7, 2023

---

[1] PHH has not yet been served with the Amended Complaint and there is no Affidavit of Service filed with the Court.
[2] A copy of the loan documents in connection with the Loan were filed in the underlying foreclosure action and this Court can take judicial notice of the docket and documents filed in the foreclosure action as a matter of public record.  Indeed, on a "motion to dismiss, the Court may consider a document that is attached to the complaint, incorporated by reference, or integral to the complaint, provided there is no dispute regarding its authenticity, accuracy or relevance."  *See DiFolco v. MSNBC Cable L.L.C*., 622 F.3d 104, 111 (2d Cir.2010) (citations omitted). "To be incorporated by reference, the [c]omplaint must make a clear, definite and substantial reference to the documents." *Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F.Supp.2d 679, 691 (S.D.N.Y.2011) (internal quotation marks and citation omitted). "A court may also take into account matters of which judicial notice can be taken."  *Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir.1999).

New York, Westchester County (Index No. 71046/2014) against Alva N. Harris, as beneficiary under the last will and testament of Daisy S. McKenzie and Glenn Forde, as beneficiary under the law will and restatement of Daisy S. McKenzie, among others (the "State Court Foreclosure Action"). On February 4, 2015, Glenn Forde (the plaintiff herein) served a *pro se* Answer in response to the State Court Foreclosure Action Complaint. On January 17, 2019, the State Court struck Forde's Answer with prejudice and granted summary judgment in the State Court Foreclosure Action. On May 16, 2019, the State Court granted a combined Order of Reference and Judgment of Foreclosure and Sale.

On or about May 31, 2019, the servicing of the subject loan was transferred to PHH. On November 8, 2019, the State Court (Ecker, J.) issued an Order for Extension of Time to Conduct Foreclosure Sale amending the caption to substitute PHH as Plaintiff, and granting PHH an additional 90 days to conduct the foreclosure sale. On November 21, 2019, Forde filed for bankruptcy, which triggered an automatic stay of further proceedings in the State Court. By Order dated January 10, 2022, Hon. Cecilia C. Morris, Chief U.S. Bankruptcy Judge, granted PHH's motion for relief from the automatic stay allowing PHH to proceed with the State Court Foreclosure Action. In September 2022, PHH moved for a 90 day extension of time to proceed with the foreclosure. Forde opposed PHH's application and moved to dismiss the State Court Foreclosure Action. PHH's motion was granted by Order dated April 6, 2023. Forde's motion to dismiss was denied by the State Court in its entirety.

Forde now brings this Federal Court action as a "collateral attack for misconduct related to [t]he defendants attempt to foreclosure on an alleged single family residential mortgage of private property." The causes of action include Count 1 for 42 USC 1983 claim for 4th and 5th amendment invasion (against county), Count 2 for 42 USC 1983 claim 4th and 5th amendment invasion of Privacy (against the servicer and agents), and Count 3 for Abuse of Process (against attorney and agents).

## BASIS FOR ANTICIPATED MOTION

**Plaintiff's Claims Are Barred By The Binding Judgment of Foreclosure and Sale in the State Court Foreclosure Action**

The *Rooker-Feldman* doctrine, which is based on the Supreme Court cases *Rooker v. Fidelity Tr. Co*, 263 US 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), precludes federal district courts from exercising appellate jurisdiction over final state court judgments. "Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine." *In re Moise*, 575 B.R. 191, 202 (Bankr. E.D.N.Y. 2017) (dismissing complaint under the *Rooker-Feldman* doctrine seeking to reverse the state court foreclosure judgment).

Further, the doctrines of *res judicata* and collateral estoppel also preclude claims that have been fully litigated in a related state court foreclosure action. *See Nath v. Select Portfolio Servicing, Inc.,* No. 15-CV-8183 (KMK), 2017 WL 782914, at *10 (S.D.N.Y. Feb. 28, 2017), aff'd, 732 F. App'x 85 (2d Cir. 2018) (dismissing claims under res judicata and collateral estoppel because a "[f]oreclosure Judgment is final as to all questions at issue between ... parties").

Here, the Amended Complaint explicitly seeks to undermine the decisions rendered in the State Court Foreclosure Action finding, *inter alia*, that the foreclosing plaintiff proved its entitlement to foreclosure of the Property. Although difficult to comprehend, the allegations in the Complaint appear to relate to the meritless claims that PHH "had no standing to institute foreclosure" and "the servicer fail[ed] to follow proper appropriate foreclosure procedures" resulting in an "illegal foreclosure." The claims are thus clearly barred by the *Rooker-Feldman* doctrine, *res judicata* and collateral estoppel.

For these reasons, among others, dismissal of the Amended Complaint is warranted.

Respectfully submitted,

/s/ Leah N. Jacob

Leah N. Jacob

cc (by ECF):   All counsel of record
              Plaintiff Glenn Forde (by overnight mail)

June 21, 2023
Page 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 21, 2023 a copy of the foregoing was filed electronically through the Court's CM/ECF which will, in turn, send a notice of electronic filing to all counsel of record and a copy of the foregoing was sent by overnight mail to

Glenn Forde
c/o GFD Family Trust
230 Hamilton Ave
New Rochelle, NY 10801

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Leah N. Jacob