# THE UNITED STATES DISTRICT COURT
## IN AND FOR SOUTHERN DISTRICT OF NEW YORK

Glenn Forde
% GFD Family Trust
230 Hamilton Ave.
New Rochelle, New York

---

| | |
|---|---|
| Glenn Forde<br>Plaintiff Glenn D. Forde as Beneficiary under the last will and testament of Daisy McKenzie<br><br>                                         Man/<br>Plaintiff<br>v.<br><br>PHH Mortgage Corporation<br><br>Raspreet Bhatia (private capacity)<br><br>David F Everett (private capacity)<br><br>County of Westchester<br><br>                                         Defendants | Docket No.: 7: 23- cv- 04090- PMH<br>Trial by jury demand<br><br> |

## PLAINTIFF'S MOTION TO STRIKE FOR NO STANDING

COMES NOW, the Plaintiff Glenn Forde, moves this court to enter an order to strike unauthorize attorney Miranda R[...] absent any affidavits, competent testim[...] ecord to dismiss Plaintiff action pursua[...] 229 F.Supp. 647 and states in suppor[...]

1. This motion in opposition to N[...]e 12b(6).

> Application to strike attorney denied.
>
> The Clerk of Court is respectfully requested to terminate the motion sequence pending at Doc. 15.
>
> SO ORDERED.
>
> *(signature)*
>
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>            July 20, 2023

1

2. There is no admissible evidence on the record attorney representing counsel has authority to do so.

3. The Miranda is not a party to the case.

4. The records reflect Miranda is not a competent witness and cannot submit admissible evidence.

5. The record reflect Miranda, being an agent and not a competent witness, cannot show that there is no genuine dispute as to any material fact and the Plaintiff is entitled to judgment as a matter of law.

6. "Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss." Trinsey v Pagliaro, D.C.Pa. 1964, 229 F.Supp. 647

7. Statements by counsel, in their briefs or arguments, <u>are not sufficient</u> for purposes of granting a motion to dismiss.

8. Without a competent witness the arguments and briefs of counsel are not admissible evidence.

9. Without admissible evidence then the court has no facts before it upon which to render a summary judgment.

**WHEREFORE**, Plaintiff moves this Honorable Court to enter an Order to have Attorneys provide the lawful, legal, properly given authority to act on behalf of Defendant, or, upon failure to do so, be barred from appearing in this case.

**UNDER THE LAWS OF GOD,** I affirm that the facts alleged in the foregoing are true and

correct according to my own personal knowledge. [Cf. 28 USC 1746(1)]

*Glenn Forde*
Glenn Forde, Plaintiff
On the 6 day of July, 2023 A.D.

3

# THE UNITED STATES DISTRICT COURT
# IN AND FOR SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Glenn Forde<br>Plaintiff Glenn D. Forde as Beneficiary under the last will and testament of Daisy McKenzie Man/<br>Plaintiff<br>v.<br><br>PHH Mortgage Corporation<br><br>Raspreet Bhatia (private capacity)<br><br>David F Everett (private capacity)<br><br>County of Westchester<br><br>                            Defendants | Docket No.: 7: 23- cv- 04090- PMH<br>Trial by jury demand |

**Brief in support of motion to Strike**

**COMES NOW**, Plaintiff Glen Forde, (Plaintiff) and without waiving any defenses, submit this brief in support of Motion to Dismiss Plaintiff Complaint, shows the Court as follows:

## I.   PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff PHH MORTGAGE CORPORATION filed Foreclosure Complaint, on December 2014, naming DAISY MCKENZIE as Defendant. The allegations appear to center around an alleged "**mortgaged premises**" allegedly situated in the County of Westchester, State of New York, legally described as Block & Lot # 0850-0080 Commonly known as 230 Hamilton Avenue, New Rochelle, New York 10801(hereinafter "subject property")

Leading up to On or about April 6th 2023 Defendant David Everett while clothed with the authority of the state entered a "decision and order" granting PHH Mortgage

4

Corporation additional ninety 90 days to conduct foreclosure sale from the date hereof [April 6th].

Inconsistent with the provision of the Lev 25 v. 23 **Leviticus 25:23** [King James Version 1611] "The land shall not be sold for ever: for the land is mine, for ye were strangers and sojourners with me."

### Subject property not in the "State"

PHH Mortgage foreclosure claim is pursuant to the New York statutes which at all times relevant shall not be inconsistent with Federal laws and or the United States Constitution. Further, Federal law Title 12 United States Code Bank and Banking promulgates regulation for the conveyance, disposition and "permissible purposes" for servicers relative to property eligible for foreclosure. Whereas, Chapter 16 of said title more specifically stipulates, "the term "**State**" means any **State of the United States**, the District of Columbia, any **territory of the United States**, Puerto Rico, Guam, American Samoa, the Trust Territory of the Pacific Islands…"And

"The term **State**, when used generally to include every state of the United States, includes also every territory of the United States and the District of Columbia. [emphasis added] [cf.New Consolidated Laws GCN 47 "State"

There is no admissible evidence on the record that support "subject property" is located in the "State" as it is statutorily defined. "Although the term "presumption" is not specifically defined in the federal rules of evidence, it is generally understood to mean an "assumption" of fact resulting from a rule of law which requires such fact to be assumed from another fact or group of facts found or otherwise established in the action; the assumption ceases to operate, however, upon the proffer of contrary evidence.

### Statutory interpretation

"Statutory interpretation always begins with the plain language of the statute, which [a court] consider[s] in the specific context in which that language is used, and the broader

5

context of the statute as a whole." In re Ames Dept. Stores, Inc., 582 F.3d 422, 427 (2d Cir. 2009)

"Where the statute's language is plain, the sole function of the courts is to enforce it according to its terms." United States v. Hasan, 586 F.3d 161, 167 (2d Cir. 2009) (citation omitted). This instant case there is no admissible evidence in the record to support the subject property is located in the "State" as is statutorily defined other than defendants own presumption. Inorder for subject property to be qualified to be in the "<u>State</u>" the record must reflect subject property to be on a federal area Pursuant to 4 USC 110 (e) The term "**Federal Area**" means any lands or premises <u>held or acquired</u> by or <u>for the use of the United States or any department, establishment, or agency, of the United States</u>; and any Federal area, or any part thereof, which is located <u>within the exterior boundaries of any State</u>. Absent such a record, "it is conclusively presumed that jurisdiction has not been accepted until the Government accepts jurisdiction over land as provided in this section". [Cf. 40 USC 3112]

Defendant Everett should have knows or should have known that pursuant to title 26 USC §1031(h) real property located in the United States and real Property located outside the United States are not of like kind. Clear error exists only where "the [c]ourt is left with the definite and firm conviction that a mistake has been committed." Mental Disability Law Clinic v. Hogan, 739 F. Supp. 2d 201, 203 (E.D.N.Y. 2010).

"In this instant case it is apparent that a constitutional prohibition cannot be transgressed indirectly by the creation of a statutory presumption any more than it can be violated by direct enactment. The power to create presumptions is not a means of escape from constitutional restrictions. [Cf. Bailey v. State of Alabama, 219 U. S. 219, 239." one of such as the 17th enumerated clause of Article 1 section 8 "<u>To exercise exclusive legislation in all cases whatsoever…</u>"

Every word within a statute is there for a purpose and should be given its due significance. This fact only underscores our duty to refrain from reading a phrase into the statute when Congress has left it out. "[W]here Congress includes particular language in one section of a statute but omits it in another … , it is generally presumed that Congress

acts intentionally and purposely in the disparate inclusion or exclusion.' "Russello v United States, 464 US 16, 23, 78 LEd 2d 17, 104 S Ct 296 (1983)

Courts should construe laws in harmony with the legislative intent and seek to carry our legislative purpose [Cf. Foster v. United States, 303 U.S. 118, 120 (1938)]

**WHEREFORE** because there is no admissible evidence on the record the subject property was ever acquired by the United States [Cf. 40 U.S Code 3112] There are three methods by which the United States obtains exclusive or concurrent jurisdiction over federal lands in a state: (1) a state statute consenting to the purchase of land by the United States for the purposes enumerated in Article 1, Section 8, Clause 1 7, of the Constitution of the United States; (2) a state cession statute; and (3) a reservation of federal jurisdiction upon the admission of a state into the Union. See Collins v. Yosemite Park Co., 304 U.S. 518 (1938). Since February 1, 1940, the United States acquires no jurisdiction over federal lands in a state until the head or other authorized officer of the department or agency which has custody of the lands formally accepts the jurisdiction offered by state law. See 40 U.S.C. § 255; Adams v. United States, 319 U.S. 312 (1943). Prior to February 1, 1940, acceptance of jurisdiction had been presumed in the absence of evidence of a contrary intent on the part of the acquiring agency or Congress. See Silas Mason Co., Inc. v. Tax Commission, 302 U.S. 186 (1937).

Defendant Everett decision and order for subject property sale was done in complete absent of all jurisdiction <u>which qualifies Everett for an exception from absolute immunity</u> claimed by unauthorised attorney allegedly representing Everette in pleading submitted 6/29/2023

THE UNITED STATES DISTRICT COURT
IN AND FOR SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Glenn Forde<br>Plaintiff Glenn D. Forde as Beneficiary under the last will and testament of Daisy McKenzie Man/<br>Plaintiff<br>v.<br><br>PHH Mortgage Corporation<br><br>Raspreet Bhatia (private capacity)<br><br>David F Everett (private capacity)<br><br>County of Westchester<br><br>Defendants | Docket No.: 7: 23- cv- 04090- PMH<br>Trial by jury demand |

## Verified Statement in Support of Motion to Strike For No Standing

**COMES NOW**, Glenn Forde, and files this Verified Statement regarding Attorney **Miranda R. Onnen**, and any attorney associated with this case's. Request for a hearing for the Attorneys to show their authority or in the alternative have all their pleadings stricken from the record.

## POINTS AND AUTHORITIES

**The Full Faith and Credit Clause—**

Plaintiff, hereby invoke the full faith and Credit Clause pursuant to Article IV, Section 1, of the U.S. Constitution which—provides that the various states must recognize legislative acts, public records, and judicial decisions of the other states within the United States. It states that "Full Faith and Credit shall be given in each State to the public Acts,

8

Records, and judicial Proceedings of every other State..." "<u>Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States</u>..." (Cf. 28 U.S.C. § 1738).

### O.C.G.A 15-19-7 Proof of Authority

*The presiding judge or justice, on motion of either party and on showing reasonable grounds therefor, may require any attorney who assumes the right to appear in a case to produce or prove the authority under which he appears and to disclose, whenever pertinent to any issue, the name of the person who employed him and may grant any order that justice may require on such investigation. However, prima facie, attorneys shall be held authorized to represent properly any case in which they may appear.*

*The presumption that an attorney at law has the authority of the proper officers of a corporation to appear for it can be overcome only as provided by Civ. Code 1985, § 4423, directing the court may require an attorney to prove the authority under which he appears, and disclose the name of the person who employed him. See "Planters' & People's Mut. Fire Ass'n. V DeLoach, 1901, 113 Ga. 802, 39 S.E. 466."*

### Tex. R. Civ. P. 12

A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act.

**WHEREAS** Miranda confesses to hold title of Esquire via New York Bar No., and;

9

**WHEREAS** Article 1 section 9 clause 8 forbids, "**No Title of Nobility shall be granted by the United States**: And no Person holding any Office of Profit or Trust under them, shall, **without the Consent of the Congress,** accept of any present, Emolument, Office, or Title, of any kind whatever, from any King, Prince, or foreign State.", and;

Whereas Article 1 Section 10 Clause 1 forbids, "**No State shall enter into any Treaty**, Alliance, or Confederation; grant Letters of Marque and Reprisal; no... ex post facto Law, or Law impairing the Obligation of Contracts, **or grant any Title of Nobility.**";

**WHEREAS** Esquire is a title of nobility granted by a **foreign State**, and;

Amendment XI: "The **Judicial power of the United States** shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any **Foreign State**."

**WHEREAS** the Judiciary Act of 1789 created the attorney-general but not the STATE BAR card carrying attorney, Esquire.

10

## THE UNITED STATES DISTRICT COURT
## IN AND FOR SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Glenn Forde<br>Plaintiff Glenn D. Forde as Beneficiary under the last will and testament of Daisy McKenzie<br><br>Man<br>v.<br><br>PHH Mortgage Corporation<br><br>Raspreet Bhatia (private capacity)<br><br>David F Everett (private capacity)<br><br>County of Westchester<br><br>Defendants | Docket No.: 7: 23- cv- 04090- PMH |

## **ORDER**

It is hereby ordered that Attorney' **Miranda R Onnen** show legal delegated authority granted by the Attorney General to act on behalf of Defendants evidence by a noticed meeting minute within **Ten (10) days.**

It is hereby ordered that if their proper authority has still not been provided after (10) days, Attorney **Miranda R Onnen** be barred from appearing in this case, and anything filed by said attorney be stricken from the record.

For GOOD CAUSE SHOWN, this Court finds that facts in support of **Miranda R Onnen** shall provide his delegated authority to appear or be barred from this case.

11

# THE UNITED STATES DISTRICT COURT
# IN AND FOR SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Glenn Forde<br>Plaintiff Glenn D. Forde as Beneficiary under the last will and testament of Daisy McKenzie - Man<br><br>v.<br><br>PHH Mortgage Corporation<br><br>Raspreet Bhatia (private capacity)<br><br>David F Everett (private capacity)<br><br>County of Westchester<br><br>                                    Defendants | Docket No.: 7: 23- cv- 04090- PMH |

**Sworn Statement In Support Of Motion**

My name is Glenn Forde, and I declare under penalty of perjury that the foregoing is true and correct.

Executed on the ___6___ day of July, 2023.

1. The record does not reflect a delegation of authority from the Attorney General of New York County to Miranda to "represent" David F Everett, a man who at times act as "JUDGE DAVID F. EVERETT".

2. The record does not reflect Judicial Authority from Congress as a member of the BAR association to file any documents in a **judicial** court.

3. The Attorney General, upon the request of any department, office, officer, institution, commission, committee, board, or other agency of any branch of

the government of the state or any instrumentality thereof, is authorized to select and employ private counsel to perform legal services for such department, office, officer, institution, commission, committee, board, or other agency of any branch of the government of the state or any instrumentality thereof.

4. The Judiciary Act of 1789 created the attorney-general and district attorney offices for a meet person on behalf of the United States, but not the New York State Bar card carrying attorney.

5. The Attorney General of New York, through the Department of Law, serves as legal representative and counsel for the departments, boards, offices, commissions and other instrumentalities of the government of the State of New York.

6. The record does not reflect Miranda to be appointed by the Office of the Attorney General to defend David Everett in this case.

7. The Judiciary Act created the authority for a "**meet**" person learned in the law to defend only in the event of death of the plaintiff or defendant.

8. The record reflects that no one has died.

UNDER THE LAWS OF GOD, I affirm that the facts alleged in the foregoing are true and
correct according to my own personal knowledge. [Cf. 28 USC 1746(1)]

*Glenn Forde*
Glenn Forde, Plaintiff
On the 6 day of July, 2023 A.D.

13

**Certificate of service:**

I, Glen Forde, hereby certify I have this day served the foregoing Motion to strike along with supporting documents upon Attorney claiming to representing Defendant Everett by depositing a copy of the same in the United States mail in an envelope with the sufficient postage thereon addressed as follows:

Miranda R Onnen Esq.
Ny Department of Law
28 Liberty Street 15 floor
New York, Ny 10005

*Glenn Forde*
By: Glenn Forde